FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 29 2017 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JOHN SHARP, MORGAN SHARP, 217 MAIN
STREET, LLC, and WKMF, INC.,

                Plaintiffs,

                **ORDER**
-against-                16-CV-2994 (JFB) (AKT)

INCORPORATED VILLAGE OF FARMINGDALE,
FORMER FARMINGDALE VILLAGE MAYOR
GEORGE STARKIE, ROBERT PETERSON, and
FARMINGDALE VILLAGE CLERK
BRIAN HARTY,

                Defendants.

-----------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

On June 9, 2016, *pro se* plaintiffs John Sharp and Morgan Sharp (together, "plaintiffs" or "individual plaintiffs") and 217 Main Street, LLC and WKMF, Inc. (together, "corporate plaintiffs") filed a complaint in this action against the Incorporated Village of Farmingdale (the "Village"), alleging causes of action for violations of various federal constitutional rights pursuant to 42 U.S.C. §§ 1983 and 1985, as well as violations of New York State, Nassau County, and Incorporated Village of Farmingdale law. (Compl., Dkt. No. 1.) On August 5, 2016, plaintiffs filed an amended complaint, adding former Farmingdale Village Mayor George Starkie, Robert Peterson, and Farmingdale Village Clerk Brian Harty (the "individual defendants," together with the Village, "defendants") as named defendants in this action, once again asserting causes of action for violations of various federal constitutional rights[1] pursuant to

---

[1] Specifically, plaintiffs alleged that defendants violated their rights to petition the government for a redress of grievances; procedural due process; substantive due process; equal protection; and protection against unjust takings.

1

42 U.S.C. §§ 1983 and 1985, as well as violations of New York State, Nassau County, and Incorporated Village of Farmingdale Law. (Am. Compl., Dkt. No. 9.) On July 21, 2016, the Village filed its initial motion to dismiss. (Dkt. No. 6.)

On September 15, 2016, defendants filed their respective motions to dismiss. (Dkt. Nos. 15-20.) Defendant Peterson also submitted a "Notice to Pro Se Litigant who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings." (Dkt. No. 16.) Plaintiffs submitted their opposition to defendants' respective motions to dismiss on October 19, 2016 (Dkt. No. 22), and defendants filed their respective replies on October 28, 2016 and October 31, 2016 (Dkt. Nos. 23 and 24). By Order dated October 6, 2016, the Court referred defendants' motions to dismiss to Magistrate Judge Tomlinson for a report and recommendation. (Dkt. No. 21.)[2]

On August 21, 2017, Magistrate Judge Tomlinson issued a Report and Recommendation. ("R&R," Dkt. No. 27.) The R&R recommended that the Court grant defendants' motions to dismiss, in part, and deny defendants' motions to dismiss, in part. (*Id.* at 1.) Specifically, the R&R recommended that the motions to dismiss be granted as to individual plaintiffs John and Morgan Sharp, and that defendants' motions to dismiss be denied as to corporate plaintiffs 217 Main Street, LLC and WKMF, Inc. because corporations must be represented by duly licensed counsel. (*Id.* at 1-2.) The R&R further recommended, however, that the corporate plaintiffs be given 30 days to retain counsel, and that in the event the corporate plaintiffs fail to retain counsel, that defendants' motions to dismiss the amended complaint be granted in their entirety.[3] (*Id.* 2.)

---

[2] The Court also referred the Village's initial motion to dismiss to Magistrate Judge Tomlinson, however, in light of the fact that plaintiffs filed an amended complaint within 21 days of service of the Village's motion to dismiss, Magistrate Judge Tomlinson deemed the Village's initial motion to dismiss moot. (Jan. 17, 2017, Electronic Order.)

[3] The R&R did not consider any information outside of the parties' pleadings, and thus determined that conversion to a motion for summary judgment was not necessary. (R&R 13).

On September 7, 2017, *pro se* plaintiffs filed objections to the R&R. ("Pls. Objs.," Dkt. No. 29.) On September 20, 2017, the Village defendants filed an opposition to plaintiffs' objections. ("Village Defs. Opp. Pls. Objs.," Dkt. No. 32.) On September 21, 2017, defendant Peterson filed an opposition to plaintiffs' objections, adopting and incorporating the legal arguments and case law set forth in the Village defendants' opposition to plaintiffs' objections. ("Def. Peterson Opp. Pls. Objs.," Dkt. No. 34.) On September 20, 2017, Lawrence E. Kelly, Esq. submitted letters noticing his appearance on behalf of the corporate plaintiffs. (Dkt. Nos. 30 and 31.)[4] The Court has fully considered the parties' submissions.

For the reasons set forth below, with respect to the individual plaintiffs, the Court adopts the well-reasoned and thorough R&R's findings and recommendations that (1) individual plaintiffs' federal claims are time-barred; (2) the Court decline to exercise supplemental jurisdiction over any state law claims in the absence of any viable federal claims; and (3) the Court grant defendants' motions to dismiss as to all defendants without leave to replead, given any amendment would be futile in light of the R&R's finding and recommendation that plaintiffs' federal claims are time-barred. With respect to the motions to dismiss the claims brought by the corporate plaintiffs, the Court agrees with the R&R that those motions should not be considered given the absence of legal representation by the corporations, and they are denied

---

[4] By letter dated September 17, 2017 (filed on September 20, 2017), *pro se* plaintiff John Sharp indicated his intent to secure counsel to represent the corporate plaintiffs before the Court-ordered deadline. (Dkt. No. 33.) As noted, the corporate plaintiffs retained Lawrence E. Kelly, Esq. as counsel. (*See* Dkt. Nos. 30 and 31.) In the same letter, plaintiff John Sharp also claimed that defendant Peterson, who he claims was never an employee of the Village, is represented by the same counsel as the Village defendants—Kenneth E. Pitcoff of Morris Duffy Alonso & Faley—in violation of the New York State Constitution, Article VIII, Section 1, which provides, in part, that "No . . . village . . . shall give or loan any money or property to or in aid of any individual . . . ." (Dkt. No. 33.) By letter dated September 26, 2017, however, Mr. Pitcoff, counsel for the Village defendants, stated that he does not represent defendant Peterson; instead, defendant Peterson has separate counsel, Jonathan P. Pirog, Esq., of Tromello, McDonnell & Kehoe. (Dkt. No. 35; *see also* Dkt. No. 10 (Mr. Pirog's Notice of Appearance on behalf of defendant Peterson) and Dkt. No. 14 (letter from Mr. Pitcoff reflecting his representation of the Village defendants).) Accordingly, the Court determines that there is no issue with respect to defense counsels' representation in this action.

3

without prejudice to renew. In light of the fact that the corporate plaintiffs have now retained counsel (see Dkt. Nos. 30 and 31), the Court will give corporate plaintiffs' counsel thirty (30) days to determine whether the corporate plaintiffs wish to proceed on the claims in the amended complaint. If so, the Court will allow defendants to renew (by letter) their previously submitted motion to dismiss, and the Court will give corporate plaintiffs' counsel an opportunity to respond on behalf of the corporate plaintiffs.

## Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB) (AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

4

## Plaintiffs' Objections to the R&R

Plaintiffs objected to the R&R on the grounds that it incorrectly determined that plaintiffs' due process claims were not rendered timely under the continuing violation doctrine. More specifically, plaintiffs argued that the R&R failed to "reconcile the mandates of the New York State Legislature in enacting" the New York State Uniform Fire and Building Code (the "Uniform Code"), N.Y. Exec. Law § 370 *et seq.*, "as an area of due process law separate and apart from zoning regulation," (Pls. Objs. 4), and that in doing so, the R&R failed to "credit the continuation of harm reviews mandated under the due process protections of the Uniform Code, including the right to appeal, the right to remedy, the right to seek a variance, the right to New York Department of State oversight of Uniform Code administration and enforcement in the Village of Farmingdale, and the right to defendant Village of Farmingdale's lawful compliance with the mandates" of the Uniform Code (*id.*). Plaintiffs also claimed that, "[b]y intentionally failing to abide by th[e] directions [of the Uniform Code], the defendants engaged in a continuing pattern and practice[,] [making] any of [plaintiffs'] allegations [ ] timely under Second Circuit caselaw," (*id.* at 5-6). As support, plaintiffs cited *Remigio v. Kelly* extensively. 04 CIV 1877 (JGK) (MHD), 2005 WL 1950138 (S.D.N.Y. Aug. 12, 2005) (Dolinger, Mag. J.). In *Remigio*, Magistrate Judge Dolinger held that the continuing violation doctrine applied to plaintiff's procedural due process claims when plaintiff was deprived of a hearing following the seizure of his car and defendants were obligated to provide plaintiff with a hearing promptly post-seizure. *Id.* at *8-11. Plaintiffs also referenced various provisions of the Uniform Code outlining the powers and duties of the Secretary of State (the "secretary"), including the secretary's authority to "publish . . . written interpretations of the uniform code upon written

5

request of a permit applicant," (Uniform Code § 376(4)[5], Pls. Objs. 8), and the secretary's powers and duties concerning code enforcement training (Uniform Code § 376a, Pls. Objs. 19-21).

Finally, plaintiffs also contended that, "[a]s the Complaint makes clear, the Village worked to suppress any disclosure or compliance with their obligations under the Uniform Code." (Pls. Objs. 21.)

**Defendants' Opposition to Plaintiffs' Objections and Objections to the R&R**

Defendants opposed plaintiffs' objections to the R&R on the grounds that plaintiffs' reliance on *Remigio* is "misplaced" (Village Defs. Opp. Pls. Objs. 2-3), and the distinction between the Uniform Code and zoning law "is not relevant to the case at bar" (*id.* at 4). Defendants argued that *Remigio* is misplaced because the "legislative means of obtaining post-deprivation process following the seizure of property pursuant to criminal forfeiture statute is wholly distinct from the mechanism available to plaintiffs, who allege that they were issued a defective certificate of occupancy and disagree with the conditions imposed pursuant to the permitting process" (*id.* at 2-3)—whereas in *Remigio*, "the municipal defendant was obligated to promptly conduct a post-deprivation hearing after seizing the plaintiffs' property and failed to do so," (*id.* at 3), here, "plaintiffs had access to post-deprivation due process in the form of a proceeding pursuant to CPLR Article 78, but did not avail themselves of that process" (*id.*). In addition, defendants claimed that plaintiffs' contention "that the R&R erroneously conflated the law applicable to municipal zoning decisions with the law applicable to the enforcement of the New York [S]tate Uniform Code" is incorrect, because the R&R did not rule on the merits of plaintiffs' constitutional claims—instead, the R&R found that plaintiffs' claims were time-

---

[5] Plaintiffs also quoted language from Uniform Code Section 376(4) that "[s]ubsequent enforcement of such code shall be consistent with such written interpretations." *Id.*

6

barred. (*Id.* at 4.)

Defendants also objected to the R&R on the ground that, "even if plaintiffs' claims are deemed timely, plaintiffs Complaint should be dismissed on res judicata grounds." (Defs. Opp. Pls. Objs. 4-6.) The R&R declined to dismiss plaintiffs' claims on *res judicata* grounds "[i]n light of the distinctions between the scope of immunity afforded the municipal defendants in the 2011 Action and the immunity available in Section 1983 and 1985 cases." (R&R 23-24.) Defendants contend that the R&R's decision was improper because the R&R cited no cases precluding the application of *res judicata* on this ground, and the R&R's analysis conflicts with New York State's transactional approach to *res judicata*. (Defs. Opp. Pls. Objs. 4.)

## Analysis

Having reviewed *de novo* plaintiffs' objections to the R&R, defendants' opposition to plaintiffs' objections, the relevant law, and the R&R, the Court agrees with Magistrate Judge Tomlinson's conclusion that plaintiffs' federal claims should be dismissed because they are time-barred.[6] (*See* R&R 24-37.)

The Court has considered plaintiffs' objections and concludes that they do not support a finding that the continuing violation renders plaintiffs' due process claims timely. First, the Court disagrees with plaintiffs' contention that the R&R erred in failing to recognize the Uniform Code as "an area of due process law separate and apart from zoning regulation," (Pls. Objs. 4). To the extent plaintiffs argue that defendants deprived them of procedural due process under the Uniform Code, the Court can find nothing in the Uniform Code—in the cited

---

[6] Although defendants objected to the R&R on the basis that plaintiffs' claims should also be dismissed on *res judicata* grounds, because the Court adopts the R&R's finding and recommendation that plaintiffs' federal claims are time-barred, the Court need not, and does not, adopt the R&R's *res judicata* finding and recommendation and therefore declines to consider defendants' objection to the R&R with respect to this issue.

7

provisions or otherwise—providing for a separate procedural scheme through which plaintiff could challenge defendants' actions. Instead, as set forth in more detail below, plaintiffs had access to adequate process to challenge defendants' actions through other means. To the extent plaintiffs argue that defendants' purported noncompliance with the Uniform Code constituted a "continuous practice and policy of discrimination" triggering the continuing violation doctrine and rendering plaintiffs' substantive due process claims timely, also explained further below, the Court disagrees because plaintiffs have failed to allege any "non-time-barred acts taken in furtherance of that policy." *Fahs Constr. Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013) (quotation marks and citations omitted) (equal protection claim time-barred when plaintiff failed to allege any acts of discrimination within statute of limitations).

The Court has also considered whether the continuing violation doctrine applies to plaintiffs' procedural due process claims and concludes that it does not. As noted above, plaintiffs cite *Remigio* extensively in their objections to support their argument that their due process claims are timely under the continuing violation doctrine. The Court, however, does not find *Remigio* applicable to the instant action. The Court's decision in *Remigio* was premised on the fact that plaintiff had sufficiently alleged a procedural due process violation—defendants deprived plaintiff of a post-seizure hearing that defendants were required to provide. As such, the court found that the continuing violation doctrine applied to plaintiff's procedural due process claim because "[e]ach day that the defendants failed to hold a hearing . . . was another instance of the defendants' continuing and incrementally increasing unlawful conduct," and defendants' failure to hold the required post-seizure hearing "amount[ed] to an illegal policy or practice, if it was not one to begin with." 2005 WL 1950138, at *10-11.

8

In their objections, plaintiffs attempt to analogize their situation to *Remigio* by claiming that, "[f]rom October 5, 2010, when Plaintiffs received an email containing the favorable Code Interpretation form NYS/DOS/DCEA, plaintiffs were deprived of a hearing, and then further deprived of a hearing until July 2, 2013, when, at the direction of new Mayor Ekstrand, Code Enforcement Official Fellman, accepted a request for a new building permit, to amend the occupancy of the premises to plaintiff's [sic] originally requested 97 person occupancy," finally conforming the certificate of occupancy to the Uniform Code. (Pls. Objs. 12.) Plaintiffs argue that the statute limitations should be tolled during this time. (*Id.*)

The Court rejects plaintiffs' argument. First, it is too conclusory to support a finding that plaintiffs were denied an opportunity to challenge the building permit or occupancy determination—plaintiffs' amended complaint and objections are devoid of any allegations that, following the issuance of the building permit, they attempted to challenge the building permit or certificate of occupancy and were prevented from doing so.[7]

Moreover, in contrast to *Remigio*, plaintiffs had access to procedural due process in the form of a C.P.L.R Article 78 proceeding. The Second Circuit "has held on numerous occasions that where, as here, a party sues the state and its officials and employees for the arbitrary and random deprivation of a property or liberty interest, an Article 78 proceeding is a perfectly adequate postdeprivation remedy." *Ahmed v. Town of Oyster Bay*, 7. F. Supp. 3d 245, 254 (E.D.N.Y. 2014); *see also, e.g.*, *Gregory v. Inc. Vill. of Centre Island*, 14-CV-2889 (JFB) (AKT),

---

[7] Although plaintiffs' amended complaint alleges that plaintiffs were "forced to acquiesce" and "forced to bow down" to defendants Peterson and Mayor Starkie's "unlawful [occupancy] demands" so that they could open their bar/restaurant and "stop the hemorrhage of money caused by the actions of defendants" (Am. Compl. ¶¶ 152, 158), these allegations merely explain why plaintiffs submitted a building permit with an occupancy purportedly below the legal limit—they do not support a finding that plaintiffs were unable to thereafter challenge the building permit or certificate of occupancy. Indeed, the fact that plaintiffs challenged defendants' actions in a separate state court action filed on July 20, 2011, *see Sharp v. The Inc. Vill. of Farmingdale*, No. 11-01010838 (Sup. Ct. 2011), evidences that plaintiffs were able to challenge the building permit and certificate of occupancy.

9

2015 WL 5093623, at *7-8 (E.D.N.Y. Aug. 28, 2015) (finding no procedural due process violation regarding denial of building applications when plaintiff could have challenged decisions through C.P.L.R. Article 78 proceeding). Unlike in cases where courts have denied motions to dismiss, plaintiffs do not allege that an Article 78 proceeding would have been inadequate, and, as noted above, they fail to show that they were denied the opportunity to challenge the building permit or certificate of occupancy. *See, e.g., Koncelik v. Town of E. Hampton,* 781 F. Supp. 152, 158 (E.D.N.Y.1991) (denying motion to dismiss procedural due process claim in zoning case despite availability of Article 78 procedure because "although plaintiffs timely and successfully availed themselves of the Article 78 proceeding (as to the Planning Board claim), their plans to develop their property are still being delayed by the ZBA's and the Planning Board's pending appeal"); *Acorn Ponds v. Vill. of N. Hills,* 623 F. Supp. 688, 690-91 (E.D.N.Y. 1985) (denying motion to dismiss procedural due process claim related to zoning decision, despite fact that plaintiff was able to obtain orders in Article 78 proceeding, because such remedies were inadequate given the delay in obtaining the certificates of occupancy). Accordingly, the Court concludes that plaintiffs had access to adequate process, and that the continuing violation doctrine therefore cannot apply to their procedural due process claims because plaintiffs have not plausibly stated a procedural due process cause of action.

The Court likewise determines that the continuing violation doctrine does not render plaintiffs' substantive due process claims timely. Even assuming *arguendo* that some unconstitutional policy existed whereby defendants refused to follow the Uniform Code, the Court agrees with the R&R's findings that plaintiffs have failed to allege that defendants took an "act in furtherance of the [purported unconstitutional policy]" that falls within the statute of

limitations, *Fahs Constr. Grp.*, 725 F.3d at 292. (*See* R&R 25-29). Accordingly, the Court concludes that plaintiffs' substantive due process claims are time-barred.[8]

The Court has also considered plaintiffs' statement in their objections that, "[a]s the Complaint makes clear, the Village worked to suppress any disclosure or compliance with their obligations under the Uniform Code." (Pls. Objs. 21.) To the extent plaintiffs argue that their claims are subject to equitable tolling, for the reasons set forth in the R&R, the Court agrees with Magistrate Judge Tomlinson's determination that the equitable tolling doctrine does not apply in the instant action. (*See* R&R 32-37.)

Finally, the Court also adopts the R&R's findings and recommendations that, with respect to the individual plaintiffs, the Court (i) decline to exercise supplemental jurisdiction over any state law claims, and therefore dismiss the state law claims in the absence of any viable federal claims (*id.* at 37-38); and (ii) dismiss plaintiffs' amended complaint without leave to replead given any amendment would be futile due to the fact that plaintiffs' claims are time-barred (*id.* at 38-40).

In light of the foregoing, the Court adopts the well-reasoned and thorough R&R's findings and recommendations that the individual plaintiffs' claims in the amended complaint be dismissed without leave to replead. Accordingly,

IT IS HEREBY ORDERED, with respect to the individual plaintiffs, that defendant Peterson's and the Village defendants' motions to dismiss (Dkt. Nos. 15 and 17, respectively) are

---

[8] The Court also agrees with the R&R's finding that all federal claims arising out of the purported frustration of plaintiffs' efforts to obtain a building permit and certificate of occupancy are also time-barred because these events took place in 2010 and are well-outside of the statute of limitations. (*See* R&R 25.) In addition, for the reasons set forth in the R&R, the Court finds that any federal claims arising out of the April 4, 2011 public hearing about a "proposed outdoor dining ordinance possibly restricting the use of outside areas of commercial properties on Main Street" (Am. Compl. ¶ 172), are likewise time-barred. (*See* R&R 25.) Finally, the Court adopts the R&R's findings and recommendations that plaintiffs' FOIL allegations cannot form the basis of plaintiffs' constitutional claims and that plaintiffs' FOIL allegations therefore do not render plaintiffs' federal claims timely. (*See* R&R 29-32.)

11

granted, the federal claims are dismissed with prejudice, and any state law claims are dismissed without prejudice.

IT IS FURTHER ORDRED, with respect to the corporate plaintiffs, that counsel for the corporate plaintiffs has thirty (30) days from the date of this Order to determine whether the corporate plaintiffs wish to proceed on the claims in the amended complaint. If so, the Court will allow defendants to renew (by letter) their previously submitted motion to dismiss and will give corporate plaintiffs' counsel an opportunity to respond on behalf of the corporate plaintiffs.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2017
Central Islip, NY